IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Zaatnure Xi-Amaru, | ) | Case No. 8:23-cv-00256-DCC |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PennyMac Loan Services, LLC, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| Michelle L. Vieira, | ) | |
| | ) | |
| Trustee. | ) | |
| _____ | ) | |

This matter is before the Court as an appeal from the United States Bankruptcy
Court for the District of South Carolina ("the Bankruptcy Court"). ECF No. 1. In
accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter
was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial
proceedings and a Report and Recommendation ("Report"). On March 2, 2023, the
Magistrate Judge issued a Report recommending that Appellant's Notice of Appeal be
considered a motion for leave to appeal an order of the Bankruptcy Court and that the
Court deny that motion. In the alternative, if the Court were to grant the motion for leave
to appeal, the Magistrate Judge recommends affirming the order of the Bankruptcy Court.
ECF No. 9. The Magistrate Judge advised Appellant of the procedures and requirements
for filing objections to the Report and the serious consequences if he failed to do so.
Appellant has not filed objections to the Report and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, Appellant has not objected to the Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. The Court construes Appellant's Notice of Appeal as a motion for leave to appeal the order of the Bankruptcy Court. Upon consideration, the Court **DENIES** that motion. This action is **DISMISSED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 6, 2023
Spartanburg, South Carolina

2